## TASTY BAKING CO. v. TASTY POUND CAKE CO.

District Court, D. New Jersey. February 19, 1929.

McDermott, Enright & Carpenter, and John M. Enright, all of Jersey City, N. J., and Roberts & Montgomery, and W. W. Montgomery, Jr., all of Philadelphia, Pa., for complainant.

Fredman & Fredman, of Jersey City, N. J., and Merritt Lane, of Newark, N. J., for defendant.

BODINE, District Judge. ▇ The complainant, the Tasty Baking Company, was organized in 1914 under the laws of the state of Pennsylvania. Its business was expanded from small beginnings until it does a business of approximately $5,000,000 a year. Its product, labeled "Tastykake" is sold principally by vehicular delivery.

The defendant was incorporated October 24, 1923, under the laws of the state of New Jersey, under the name of "Tasty Pound Cake Company." Those interested in its business did not know of the Pennsylvania company at the time of organization. It does a business of approximately $172,000 a year in Jersey City.

The complainant's principal business is in boxes of cakes, each cake wrapped separately, or when it sells loaf cakes these are sliced and each slice is wrapped separately. The defendant's business is principally in bulk cakes; the packages are dissimilar; and defendant's packages indicate the point of origin.

Since 1923, defendant has been serving Hudson and Essex counties, part of Passaic county, and a few points in Middlesex county. It also sells in Asbury Park and Long Branch in Monmouth county, and to some extent on Staten Island and Long Island. The complainant seems never to have sold directly in Hudson county. It sold, however, in Newark for a short time in 1916, and in 1927 again began advertising and pushing the sale of its product in that city. Except where the complainant had vehicular delivery, little, if any, business was done. The sale of its cakes through parcel post shipments seems more ephemeral than real.

The contention of the defendant that it was first in the North Jersey territory with its product seems rather well established by the proofs. Such sales as the complainant may have made in the North Jersey territory prior to defendant's advent were sporadic.

There is little likelihood of confusion of the two products. In the first place, the

packing is different. In the second place, the labeling is different. Thirdly, the bulk cakes sold by the complainant are separately wrapped in slices. The defendant's cakes are sold whole and not so wrapped.

The testimony of some of the witnesses called by the complainant does indicate that defendant's drivers permitted the witnesses to believe that they were working for the complainant, but there seems to have been confusion in the minds of these witnesses that the defendant's cakes were not the complainant's cakes. In fact, it does not seem possible for any one to be deceived, because the packages, wrappings, and lettering are all quite different. There was testimony in the case that the defendant's product was not as good as complainant's product. This was rebutted, and it seems that there is little difference, if any. So far as appearance and texture are concerned one cake looks no better than the other. Both companies make an inexpensive cake, which has little merit as cake.

█ Undoubtedly, the word "Tastykake," as such, is not subject to trade-mark registration, 15 USCA Cases Collected, notes pages 47 to 51 inclusive. The complainant uses the word "Tastykake." The defendant labels its packages with its corporate name "Tasty Pound Cake Company." In defendant's corporate name the word "cake" is properly spelled—in that there is merit. There is no similarity of printing, nor any similarity of arrangement. So it seems that there is no trade-mark infringement before the court.

The bill raises the issue of unfair competition. For several years before the defendant's business reached its present proportion the complainant knew of its existence, knew of the manufacture of its cakes, knew of the way in which they were sold and knew of the territory in which the sales were being made, and yet no action was commenced to restrain the continuance of its business. As early as 1924, correspondence was interchanged. In 1926, defendant was advised that, if an employé ceased selling cake from a vehicle which contained the complainant's trade-mark, no further steps would be taken. This employé, Wexler, had been in the complainant's employ and left. The vehicle, which he was using, had been painted with the complainant's trade-mark in order to carry on its business in Maryland. Needless to say that this obvious breach of the rules of fair competition was speedily remedied.

Passing, without deciding, the question of laches and estoppel, we come to the question of fraud. So far as I can see there is no act by the defendant calculated to deceive the public. The type of delivery wagon used by the complainant and defendant are different.

The word "Tastykake" certainly can have no validity as a trade-mark. The way in which the defendant uses the word "Tasty" cannot deceive the public nor confuse them so that they purchase the defendant's cake for the complainant's. If now and then some person makes a mistake in calling on the telephone one company for the other, that cannot overcome the clear circumstances which differentiate the product, packing, and distribution method of the two companies.

The proofs seem to indicate that the defendant's business has been fairly acquired in a territory not covered by the complainant's. Certainly, so far as that territory is concerned no relief should be granted.

The bill may be accordingly dismissed in so far as it seeks to restrain the defendant from its activities in New Jersey north of New Brunswick.